# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Donnell Dunlap, | No. CV-21-00457-TUC-RCC |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

On June 26, 2023, Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R&R"), recommending the Court deny Petitioner Larry Donnell Dunlap's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) ("Petition") (Doc. 1). (Doc. 27.) The Magistrate Judge informed the parties they had fourteen days to file objections to the R&R, and an additional 14 days to respond. (*Id.* at 18.) Plaintiff filed a timely objection (Doc. 29); Respondents did not file a response.

Regardless of whether responses are filed, the Court must perform a de novo review of issues raised in an objection. *See* Fed. R. Civ. P. 72(b)(2)–(3) (requiring de novo review of objections, but not mandating a response); *see also* 28 U.S.C. § 636(b)(1)(C). Although it may benefit a party to file a response, the response must be filed within the time prescribed in Federal Rule of Civil Procedure 72(b)(2). Respondents chose not to respond to Petitioner's objections. Accordingly, the Court has performed a de novo review of this matter without the benefit of Respondents' position.

     The standard the district court uses when reviewing a magistrate judge's R&R is dependent upon whether a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

     Petitioner objects to the Magistrate Judge's R&R because it "does not give any details of Constitutional violations in the Court[']s decisions that the judge cited in Petitioner[']s [s]uperior [court] cases or in the [Arizona] Court[] of Appeals[']s decisions, and in the Arizona Supreme Court[']s decisions in this case," and that "this Magistrate Judge prejudice [sic] against petitioner because of his charges is the reasons [sic] he's overlooking the Constitutional violation by the State of Arizona and his Report and Recommendation is that it[']s better to keep one innocent man locked up than to let a guilty man go free." (Doc. 29 at 2.) Next, Petitioner argues the Magistrate Judge did not "state that the information with some inmates['] names and status of clemency were not black male sex offenders." (*Id.* at 9.) Finally, Petitioner claims the magistrate was disrespectful and accused Petitioner of being a liar. (*Id.*)

     The Magistrate Judge's R&R concluded that Petitioner's Petition was untimely, and that Petitioner had not offered any reason his Petition should be subject to equitable tolling. (Doc. 27 at 12.) Furthermore, the Magistrate Judge observed, the Petition's untimeliness made it unnecessary to address his remaining merits-related arguments. (*Id.* at 10.) None of Petitioner's objections render these conclusions erroneous. Therefore, denial of Petitioner's Petition is appropriate.

     Accordingly, IT IS ORDERED:

1) Magistrate Judge Eric J. Markovich's Report and Recommendation is ADOPTED.

(Doc. 27.)

2) Petitioner Larry Donnell Dunlap's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is DENIED. (Doc. 1.)

3) The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 1st day of August, 2023.

_____
Honorable Raner C. Collins
Senior United States District Judge